IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTONIO McNEELY | : | |
| | : | |
| v. | : | CIVIL NO. CCB-13-1515 |
| | : | Criminal No. CCB-11-0114 |
| UNITED STATES OF AMERICA | : | |

...o0o...

# **MEMORANDUM**

Federal prison inmate Antonio McNeely, who pled guilty to conspiracy to distribute heroin and received a sentence of 136 months on May 23, 2012, now seeks to vacate his sentence under 28 U.S.C. § 2255. For the reasons stated below, his motion will be denied.

McNeely was charged with a conspiracy involving 1,000 grams or more of heroin; possession of a firearm by a convicted felon; and possession of a firearm in furtherance of a crime of violence. As his experienced counsel, Paul Hazlehurst, apparently advised him, had he gone to trial and been convicted of those charges, and had the government sought to enhance his sentence under 21 U.S.C. §§ 841 and 851, he could have faced 15 to 25 years of incarceration. Pursuant to the agreement negotiated with the government, however, he admitted to a statement of facts that involved 400-700 grams of heroin, the presence of a loaded firearm in his closet, and his role as a manager in the drug operation. The offense level was agreed to be 30, and a sentence within the range of 121-151 months also was agreed upon under Federal Rule of Criminal Procedure 11(c)(1)(C). The sentence imposed, 136 months, was within that range.

In this motion, McNeely asserts that trial counsel was ineffective and that his plea was not knowing and voluntary. Both claims are meritless based on the record. First, McNeely was accurately advised by his counsel of the greater sentence possible had he gone to trial, or even pled guilty without an agreement. Second, he was thoroughly advised of his rights at the Rule 11

1

proceeding and agreed under oath that (1) the facts were correct; (2) he was satisfied with counsel; and (3) he was giving up his rights to appeal.

In his motion, NcNeely focuses on the advisory guidelines range of 97-121 months without acknowledging the other facts that could have been proved and the enhanced penalties he could have been subject to. As the record establishes that he was accurately advised and that his plea was both knowing and voluntary, his motion will be denied. A certificate of appealability also will be denied.

A separate Order follows.

<u>October 16, 2013</u>                                              <u>      /s/      </u>
Date                                                                Catherine C. Blake
                                                                    United States District Judge